**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-20233

NIKITA VAN GOFFNEY

Plaintiff-Appellant

v.

J SAUCEDA; C DAVIDSON; T TAYLOR; J EVERITT; G HARDAY; SERGEANT
M HOLT; J FERRARO; G HARDAGE; COUNTY OF MONTGOMERY TEXAS;
MICHAEL MCDOUGAL; JIM PREWITT; CITY OF CONROE

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CV-2638

Before DAVIS, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Former Texas prisoner Nikita Van Goffney appeals from the grant of
summary judgment for the defendants in his 42 U.S.C. § 1983 action. Goffney's
appeal relates to his claims arising from the use of force against him after he
was placed in a police car during his arrest on September 11, 2000. Based on our
reading of the summary judgment record, we affirm in part, reverse in part and
remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I.

Based on Goffney's sworn statement and deposition, which we must accept as true for purposes of reviewing this grant of summary judgment in favor of the defendants, the relevant facts are stated below. Goffney was conversing with Terry DeWayne Gordon at 1:00 a.m. on September 11, 2000, in Conroe, Texas. Officers Sauceda and Taylor caught up with Goffney and asked him what was the problem between him and Gordon. Goffney responded that there was no problem. Sgt. Holt and Officers Ferraro, Hardage, and Everitt arrived on the scene and Officer Sauceda demanded that Goffney be seated on the ground. Police found a small revolver on Goffney's person. Goffney attempted to explain that he had obtained the weapon from Gordon, but Sauceda handcuffed Goffney and placed him under arrest.

Goffney was placed in the rear seat of a police car. Officer Ferraro got into the front seat and turned the heater on at full blast, then made sure that the windows and doors were closed. Within ten minutes, Goffney had trouble breathing and was gasping for air. He called out to Sauceda, Hold, Ferraro, and Hardage, who were 15 to 20 feet from the car, but they ignored him. Goffney got the attention of a bystander, who asked the officers whether they had heard Goffney.

Hardage opened a car door and asked Goffney what he wanted. Goffney requested that the heater be turned off and that a window be rolled down a crack or a door left opened. Hardage refused and slammed the door. Goffney began banging his head on the window to get the officers' attention. Hardage walked back to the car, opened the door, and directed Goffney to stop banging his head. Goffney repeated his request to Hardage, who again refused it. Hardage attempted to close the door, but Goffney placed his foot in the way and held the door open long enough for him to get some fresh air. Hardage ordered Goffney to put his foot in the car. Goffney begged Hardage to turn off the heat and allow him access to fresh air.

Hardage responded by spraying mace or pepper spray in Goffney's face for eight to ten seconds, then slamming the door. The chemical blinded Goffney, burned his face and eyes, and caused him to choke. Goffney began kicking the rear door and window in an effort to obtain air and knocked the rear window from its track. Goffney put his face to the crack opened when he knocked the window from its track and was able to breathe for a minute or two. One of the officers opened the door and Goffney fell face first onto the concrete, while his waist and feet remained inside the car. Several officers pulled him back into the car and across the back seat onto the ground on the other side. Goffney's face crashed into the concrete a second time. The officers then sprayed Goffney with chemicals and kicked, punched, stomped, and hit Goffney. Goffney was pulled up by his feet and the handcuffs and thrown back into the car, causing him to strike his head against a car door. In an unsigned and unsworn pleading, Goffney alleged that he suffered two black eyes, a broken blood vessel, a damaged mouth and loose teeth, and several lacerations.

Goffney asked to be taken to the hospital, but instead was taken to the county jail. He was charged with assaulting a police officer and with other offenses.

The district court ordered Goffney to respond to pleadings filed by the defendants raising the defense of qualified immunity. Goffney filed a reply setting out his claims in detail. The district court determined that Goffney had pleaded his claims with sufficient detail to overcome qualified immunity to all defendants except Pitzer, whom the district court dismissed as a defendant. Goffney sought to file an amended complaint to set out his claims against Pitzer; the district court denied Goffney's motion.

The remaining defendants filed summary judgment motions supported by affidavits, a deposition of Goffney, and a copy of a judgment reflecting that Goffney was convicted of possession of a firearm by a convicted felon. The police defendants swore that Goffney banged his head against the car door and

window, attempted to exit the car, and struggled when police attempted to subdue him forcing them to use pepper spray and physical force. They denied turning on the heater and insisted that Goffney's actions required them to use force. Goffney opposed the defendants' summary judgment motions with his own sworn statement and a copy of a charging instrument and judgment reflecting that he was acquitted of assaulting a police officer. Goffney elaborated on his claims, alleging that he was dragged through the car, placed on the ground on the other side, and beaten repeatedly, including being hit with flashlights.

The district court granted the summary judgment motions. The district court determined, inter alia, that the force used against Goffney was not excessive in light of the injury he sustained and his own actions inside the police car. The district court further determined that the defendants were entitled to qualified immunity. Goffney filed a timely notice of appeal.

## II.

In order to state a claim for the constitutional violation of excessive force against an arrestee, the plaintiff must establish "(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Ikerd v. Blair*, 101 F.3d 430, 433-434 (5th Cir. 1996), citing *Spann v. Rainey*, 987 F.2d 1110, 1115 (5th Cir.1993) (internal quotations omitted). In gauging the objective reasonableness of the force used by a law enforcement officer, we must balance the amount of force used against the need for that force. *Id*. The extent of the injury required to demonstrate that the force used was excessive depends on the context in which the injury occurs. This requires only "some injury." *Id. at 434.*

> As the Supreme Court has recognized, however, "the extent of injury suffered by a [plaintiff] is one factor that may suggest whether the use of force" was excessive "in a particular situation." *Hudson*, 503 U.S. at 7, 112 S. Ct. at 999. Therefore, the amount of injury necessary to satisfy our requirement of "some injury" and establish a constitutional violation is directly related to the amount of force

that is constitutionally permissible under the circumstances.

*Id.* at 434-435. The objective reasonableness of the force exerted, which is examined to determine whether excessive force was used, coincides in large part with the inquiry to determine whether qualified immunity is available to the officers involved, i.e., the objective reasonableness of the officer's conduct. *Heitschmidt v. City of Houston*, 161 F.3d 834, 839 (5th Cir. 1998).

Goffney first contends that the district court erroneously resolved factual disputes in granting summary judgment. He argues that his sworn statement contradicted the defendants' version of events, that it showed a needless use of force, and that it demonstrated malicious intent on the part of the defendants. By accepting the version of certain facts in Goffney's pleadings over the version of those facts in his sworn statement, the district court made an erroneous credibility determination. *See Aryain v. Wal-Mart Stores Texas LP,* 534 F.3d 473, 483 n.7 (5th Cir. 2008).

The district court reviewed Goffney's assertions and concluded that "Goffney's allegations of macing, kicking, punching, stomping and hitting during the short time it took to return him to the police car arguably raise facts showing excessive force." However the district court then concluded that the record did not raise a genuine issue of material fact as to excessive force because the record showed that the only injury he suffered was a bloody nose. We disagree with the conclusion that the record reflects that Goffney's injuries were limited to a bloody nose. Goffney stated that when he fell out of the car after he kicked and broke the window, an officer kicked him in the eye causing him to bleed profusely. He also stated that after the beating he had pain in his neck, back and chest. Given the circumstances, these injuries were not so minor as to negate a finding of excessive force.

We also disagree with the district court's conclusion that the officer's actions were reasonable in light of Goffney's conduct which could be viewed as

recalcitrance and an attempt to flee. Clearly the officers were entitled to take some action, including the use of mace, when Goffney refused to put his foot back in the car and later kicked and broke the patrol car window. However, dragging him completely out of the vehicle and then kicking, punching, stomping and hitting him with an article believed to be a flashlight are actions sharply out of balance with the force reasonably necessary to bring the handcuffed Goffney under control. Goffney has raised a genuine issue of fact that excessive force was used following his arrest. Summary judgment on this question and the related issue of qualified immunity was improper.

## III.

Goffney next contends that the district court prematurely granted summary judgment, erroneously believing his declaration to be unsigned, without allowing him to correct the alleged omission in the statement. Goffney's statement in opposition to the summary judgment motion was sworn and signed, and the district court accepted it as competent summary judgment evidence, except to the extent that the court believed it contradicted Goffney's pleadings.

Goffney, however, evidently refers to his reply to the defendants' claim of qualified immunity, which the district court discounted as unsworn and unsigned when discussing injuries suffered by Goffney. The district court considered Goffney's reply for its intended purpose of deciding whether the defendants were entitled to qualified immunity and decided that Goffney had pleaded sufficiently to overcome dismissal on qualified immunity grounds against all defendants except Officer Pitzer. The reply and accompanying memorandum were unsworn and therefore were inadequate to serve as evidence in opposition to the defendants' summary judgment motion. *See Barker v. Norman,* 651 F.2d 1107, 1123 (5th Cir. 1981); FED. R. CIV. P. 56(e)(2) (stating that nonmoving party cannot rest on his pleadings).

Goffney argues that the omission of his signature should have been called to his attention and only stricken if he thereafter failed to promptly sign it,

citing Rule 11 of the Fed. R. Civ. P. We need not consider this argument, because other pleadings and sworn statements support our conclusion that summary judgment was improperly granted on his excessive force claim, which is the only issue affected by this pleading.

## IV.

Goffney also contends that the district court erred by dismissing Pitzer as a defendant without giving him the opportunity to correct the deficiencies in his amended complaint. Goffney states that he would have provided a more definite statement of his allegations against Pitzer had he been instructed to do so and had he been notified of the consequences of failing to do so.

Goffney's claims against Pitzer were dismissed due to Goffney's failure to plead those claims with sufficient particularity to overcome a qualified immunity defense before Goffney sought to amend his complaint. *See Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc). Goffney had filed an initial complaint, one amended complaint, and his reply to the assertion of qualified immunity. The denial of Goffney's motion to file an amended complaint to raise claims against Pitzer was not an abuse of discretion. *See* FED. R. CIV. P. 15(a)(2), *Duff-Smith v. Collins*, 973 F.2d 1175, 1180 (5th Cir. 1992).

## V.

Although Goffney generally challenges the district court's grant of summary judgment on all his claims, a generous reading of his brief reveals argument directed only to the issue of excessive force by the police officers involved in his arrest and the related question of their possible qualified immunity. For the reasons stated above we vacate the district court's dismissal of Goffney's claims of excessive force as to officers Saucedo, Davidson, Taylor, Everett, Harday, Holt, Ferraro and Hardage.

We do not consider any other issues decided by the district court in its grant of summary judgment. The district court dismissed the City of Conroe and Montgomery County because no evidence was presented of a custom or policy

which is required to establish municipal liability. Goffney's allegations against D.A. McDougal and A.D.A. Prewitt relate only to his claim of malicious prosecution, which was also dismissed by the district court. Goffney presents no arguments for reversal of those decisions. Accordingly, except as stated above, the judgment of the district court is affirmed in all other respects and this case is remanded for further proceedings consistent with this opinion.

AFFIRMED in part, VACATED in part, REMANDED.